PNC Mortg. v. Maruca, No. 321-4-10 Rdcv (Teachout, J., Feb. 17, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 321-4-10 Rdcv** |

**PNC MORTGAGE**

**v.**

**PAMELA LANDO MARUCA**

## DETERMINATION AND ORDER
### Foreclosure Mediation

A hearing was held on January 30, 2012 pursuant to 12 V.S.A. § 4635(a) and the Entry Order of August 2, 2011 to determine whether Plaintiff has complied with its obligations under 12 V.S.A. § 4633(a)(1). Plaintiff was represented by Attorney Andrew Montroll, and a representative of Plaintiff attended. Defendant was present through her attorney-in-fact and was represented by Attorney Heather Z. Cooper.

It is undisputed that when Defendant originally applied for the mortgage loan, in determining eligibility, the lender relied on not only her income, but the income of other members of her extended household. The Defendant and the other household members continue to reside in the home, and continue to receive income from the same sources.

This Court, the Hon. William Cohen presiding, denied a motion for summary judgment on August 30, 2010, stating that: "The Plaintiff must prove standing and the debt. Also, Plaintiff must have clean hands in regards to attempting a workout." Thus, Plaintiff's standing has not yet been proved. Nonetheless, the Defendant elected to proceed with foreclosure mediation.

Foreclosure mediation took place on February 23, 2011 and March 2, 2011. The Mediator reported that "Lender stated there was no authority to consider contribution or co-habitant income based upon investor prohibition for farm loan, despite use of same income for original application." Defense counsel represents, unrefuted, that at the mediation, PNC refused to provide a copy of any documents showing who the investor is and the basis for a prohibition of consideration of co-habitant income. It is also unrefuted that when the income of the co-habitants is included, as was done originally, there is sufficient income to qualify for a modification. Defendant also contends that standing was not shown at the mediation, and that PNC has never disclosed whether its own status is as mortgage holder or servicer, nor the identity of the investor prohibiting consideration of co-habitant income.

1

Plaintiff made an offer of proof, which Defendant did not contest and which the Court accepts, that the loan is insured by the Rural Housing Services of the USDA, and that federal regulations apply to such loans. Plaintiff identified the USDA as the investor, and claimed that under the federal regulations, only the borrower's income can be considered. Defendant's counsel, who was present at the mediation, said that this was all news—that Plaintiff had never identified the USDA as the investor in the loan, and had refused to provide documentation of the prohibition on which it relied. She noted that the disclosure of this information approximately a year after the mediation had increased the arrearages and late fees.

The mortgagee's obligations under the mortgage foreclosure statute, 12 V.S.A. § 4631 et seq., specifically include the requirement to produce a copy of a "pooling and servicing or other similar agreement [that] prohibits modification." 12 V.S.A. § 4633 (a)(3). In addition, the mortgagee "shall produce for the mortgagor and mediator documentation of its consideration of the options available. . ." 12 V.S.A. § 4633 (a)(2). There is no basis for the Plaintiff to conclude that it did not have the obligation to provide documentation of the identity of the investor as the USDA, or a copy of the federal regulations upon which it relied to exclude cohabitant income that had been the basis of the granting of the loan in the first place.

This information was not provided until this Court held a hearing to determine compliance with the mortgagee's obligation under the statute. Even then, it was not provided to Defendant's counsel in document form. Plaintiff's counsel simply made representations and argument in support of its request for a determination of compliance, but did not offer the documentation, and has still not disclosed the Plaintiff's status or interest in the loan.

Plaintiff's counsel argued that because there was something on the loan application at the time Defendant applied about the loan being a rural development loan that Defendant should have known that this was a USDA loan (and presumably therefore subject to federal regulations which prohibit cohabitant income), but there is nothing in the loan documents to that effect. Withholding at foreclosure mediation specific information about the investor and documentation of investor prohibition against including income that was originally included at the time of origination is thoroughly inconsistent with the letter and spirit of the foreclosure mediation statute and the obligations it imposes on mortgagees.

The Court determines, pursuant to 12 V.S.A. § 4635, that Plaintiff has not complied with its obligations, and that sanctions are warranted. 12 V.S.A. § 4635 (b). Sanctions include prohibition against the collection of interest and any late fees for the period from March 2, 2011 (the second day of mediation) to January 30, 2012 (the date of hearing); Defendant's attorneys' fees for attending the mediation sessions and the hearing on January 30, 2012; and denial of the equitable remedy of foreclosure in this case.

2

Therefore, Counts I and III of the complaint are dismissed with prejudice. Plaintiff may pursue judgment on Count II, subject to set-off for the sanctions set forth in the preceding paragraph. Nothing in this Order precludes Plaintiff from subsequently pursuing foreclosure on any judgment that may be obtained in this case, but Plaintiff is prohibited from collecting, in any subsequent foreclosure on such judgment, attorneys fees attributable to this case to the extent they are not included in any judgment Plaintiff may obtain in this case.

Dated this 16th day of February, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge